UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DONNA VALERIE EVANS, | ) | CASE NO. C13-5436-RAJ-MAT |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff's appeal presents only one issue: whether the administrative law judge (ALJ) erred at step three in finding that she did not meet the requirements of Listing 12.05C. This listing has three requirements:

(1) Significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifesting during the developmental period (before age 22);

(2) A valid verbal, performance, or full scale IQ of 60-70; and

(3) A physical or other mental impairment imposing an additional and significant work-related limitation of function.

ORDER
PAGE -1

01 | *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C.

02 | The ALJ found that Plaintiff had not demonstrated the requirements of Listing 12.05C, because the evidence showed that her functioning was "at a higher level":

> For example, the claimant shares meal preparation duties with her partner. She prepares items such as tacos, chicken, and roast beef. She denied experiencing any challenges with meeting personal hygiene needs. She needs no reminders to complete these activities. She is responsible for cleaning her residence. She indicated she does clean her home. She occasionally watches movies at a cinema. She shops independently, utilizes public transportation, and manages her own finances. ([AR 571.]) Further, the claimant has engaged in substantial gainful activity in the past, and according to her testimony, the jobs she had performed in the past would not be considered sheltered work. This ability to engage in jobs, including one where she did some supervising, supports the conclusion that the claimant's adaptive functioning is at a higher level and thus, 12.05C is not met.

(AR 23.)

Plaintiff argues that the ALJ erred in focusing on her adaptive functioning, which is not one of the Listing 12.05C criteria. Dkt. 21 at 6-7. The Commissioner argues that because "adaptive functioning" is mentioned in the first 12.05C criterion, the ALJ did not err in considering it at step three and did not err in finding that Plaintiff had not demonstrated deficits therein and thus did not meet Listing 12.05C. Dkt. 22 at 5-6.

Although the depth of Plaintiff's argument is lacking, the Commissioner's briefing also overlooks most of the considerable body of case law analyzing the requirements of Listing 12.05C. The parties have not provided sufficient analysis of the scope of the first requirement of Listing 12.05C, specifically whether it is intended to look beyond a temporal/onset requirement to more recent functioning levels, or whether "deficits in adaptive functioning" refers to deficits that occurred during the development period only, *i.e.*,

"attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history." *Campbell v. Astrue*, Case No. 09-cv-465GSA, 2011 WL 444783, at *17 (E.D. Cal. Feb. 8, 2011). *See also Gomez v. Astrue*, 695 F.Supp.2d 1049, 1060-61 (C.D. Cal. 2010) (discussing Listing 12.05C's first requirement as intended to limit coverage to an impairment that is "not of recent origin due to a traumatic event or some other changed circumstance"). According to Plaintiff, the ALJ's focus on her more recent adaptive functioning is misguided, due to the unique structure of Listing 12.05C, because a claimant can meet Listing 12.05C without "having to demonstrate a disabling, or even severe, level of mental functioning impairment." *Gomez*, 695 F.Supp.2d at 1057.

Many courts in the Ninth Circuit have agreed with Plaintiff's position that the first prong of Listing 12.05C focuses entirely on the time the impairment *initially* manifested and does not take into account *current* adaptive functioning deficits. *See, e.g.*, *Thresher v. Astrue*, 283 Fed. Appx. 473, 475 (9th Cir. Jun. 19, 2008); *Pedro v. Astrue*, 849 F.Supp.2d 1006 (D. Or. 2011); *Knarr v. Astrue*, Case No. 11-cv-41-BR, 2012 WL 1194319 (D. Or. Apr. 9, 2012); *Forsythe v. Astrue*, Case No. 12-cv-1515-AWI-GSA, 2012 WL 217751 (E.D. Cal. Jan. 24, 2012); *Frazier v. Astrue*, Case No. 09-3063, 2010 WL 3910331 (E.D. Wash. Oct. 4, 2010); *Lewis v. Astrue*, Case No. 06-6608-SI, 2008 WL 191415 (N.D. Cal. Jan. 22, 2008).

Some courts in other circuits have taken a different approach, concluding that an ALJ may also consider whether the claimant's adaptive functioning deficits have continued beyond the developmental period. *See, e.g.*, *Talavera v. Astrue*, 697 F.3d 145, 153 (2d Cir. 2012) (interpreting the regulations to recognize that because a low IQ score does not necessarily

suggest that a claimant cannot work, the claimant is not disabled if his or her "adaptive functioning is sufficiently intact"); *Novy v. Astrue*, 497 F.3d 708, 709 (7th Cir. 2007) (holding that a claimant did not meet Listing 12.05C because the evidence showed she could "cope with the challenges of ordinary everyday life" despite her intellectual limitations); *Randall v. Astrue*, 570 F.3d 651, 660-61 (5th Cir. 2009); *West v. Comm'r of Social Sec. Admin.*, 240 Fed. Appx. 692 (6th Cir. 2007); *Garrett v. Astrue*, 244 Fed. Appx. 937, 938 (11th Cir. 2007). The court is aware of only one Ninth Circuit case that seems to consider a claimant's current adaptive functioning when assessing whether she met Listing 12.05C. *See Brooks v. Barnhart*, 167 Fed. Appx. 598 (9th Cir. 2006). The parties' briefing does not fully analyze the relevant case law that should guide the court's interpretation of the first prong of Listing 12.05C, and thus additional briefing is necessary.

The interpretation of the first prong of Listing 12.05C is particularly crucial to the outcome of this case because the ALJ's decision indicates that the second and third criteria of Listing 12.05C are met. (AR 21, 23 (finding that Plaintiff has a severe physical impairment and that her full-scale IQ score of 66 is "in the 12.05C range").) *See also Pedro*, 849 F.Supp.2d at 1015-16 (holding that a step-two finding that a claimant has a severe impairment *per se* satisfies the third prong of Listing 12.05C). Although the Commissioner devotes most of the argument portion of her Response Brief to arguing that the ALJ was entitled to discredit Plaintiff's IQ score (Dkt. 22 at 7-10), the ALJ did not, in fact, discredit Plaintiff's IQ score. Instead, the ALJ credited Plaintiff's IQ score and explicitly noted that it was within the 12.05C range. (AR 23.)

Thus, the Court directs the parties to submit supplemental briefing addressing the first

prong of Listing 12.05C, specifically the proper scope of the ALJ's review of evidence of a claimant's adaptive functioning before or after age 22. The parties are directed to submit supplemental briefs of no longer than twelve pages, no later than January 24, 2014.

DATED this 7th day of January, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge